

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
WITH WILSON XX
ATTORNEY GENERAL

Honorable Sidney Latham
Secretary of State
Austin, Texas

Dear Sir:

Opinion No. O-6205
Re: Whether the joint action of
the two county committees is
sufficient to constitute a
nomination under Art. 3165,
V.A.C.S., under the facts
stated, and related questions.

Your letter of recent date, requesting the opinion of this
department on the questions stated therein is, in part, as follows:

"Honorable Penn J. Jackson of Cleburne, Texas, was
nominated for the office of State Senator of the 12th
Senatorial District at the Democratic Primary held
this year. Judge O.B. McPherson was nominated Judge of
the 18th Judicial District at the same time and has
since died.

"The County Executive Committees of Johnson and Somervell
Counties, which comprise the 18th Judicial District, have
undertaken to nominate Penn J. Jackson as the Democratic nominee
for Judge of the 18th Judicial District.

"Articles 2979 and 3165 prescribe the procedure in the
event of death or declination of a nominee. Article 3165
prescribes that the declination be delivered 'to the officer
with whom the certificate of his nomination is filed.' Mr.
Jackson has filed his declination in this office.

"Article 3138 provides that certificates of nomination
of State candidates only shall be filed with the Secretary
of State, while Article 3127 provides that nominees for
district offices shall be certified to the county clerks
of the proper district.

"The certificate of nomination of Mr. Jackson was executed
by George L. Murphy as Chairman of the Democratic Executive
Committee of Johnson County and L. G. Kirk as Chairman of
the Democratic Executive Committee of Somervell County, and
these two were joined by numerous members of both County

Executive Committees.  Neither county chairmen executed
the certificate in his capacity as an ex officio member
of the District Executive Committee, which position each
occupies by virtue of Article 3118, but the certificate
recites in its body that the two county chairmen constitute
the District Committee.

"Article 3165 provides that such nomination shall be
made by the Executive Committee 'for the State, district
or county as the office to be nominated may require'.
This would seem to indicate that the district committee
should make the nomination.  Apparently it has been made
in this instance by the joint action of two county com-
mittees.

"In the light of the above facts, will you please
advise this department upon the following inquiries:

"1.  Is the declination of nomination of the office
of State Senator sufficient when filed in this office
rather than with the county clerks of the counties
comprising the district?

"2.  Is the joint action of two County Committees
sufficient to constitute a nomination under Article
3165 where neither County Chairman executes the certif-
icate in his capacity as an ex officio member of the
District Committee?

Article 3118, Vernon's Annotated Civil Statutes, reads as follows:

"There shall be for each political party required by
this law to hold primary elections for nomination of its
candidates a county executive committee, to be composed of
a county chairman, and one member from each election pre-
cinct of such county; the committeeman from such election
precinct shall be chairman of his election precinct, and
the said county chairman shall be elected on the general
primary election day; the county chairman by the qualified
voters of the whole county, and the precinct chairman by
the qualified voters of the respective election precincts.
Said county and precinct chairman shall assume the duties
of the respective offices on Saturday following the run-
off primary immediately after the committee has declared
the results of the run-off primary election.  Said county
chairman shall be ex-officio a member of the executive
committee for all districts of which his county is a part,
and the district committee thus formed shall elect its
own chairman.  Any vacancy in the office of chairman,
county or precinct, or any member of such committee shall

be filled by a majority vote of said executive committee.
The list of election precinct chairmen and the county
chairmen so elected, shall be certified by the county
convention to the county clerk, along with the other
nominees of said party.  If there are no requests filed
for candidates for county and precinct chairman, a blank
space shall be left on the ticket beneath the designation
of such position."

Article 3165, Vernon's Annotated Civil Statutes, provides:

"A nominee may decline and annul his nomination by deliv-
ering to the officer with whom the certificate of his nom-
ination is filed, ten days before the election, if it be
for a city office,  and twenty days in other cases, a dec-
laration in writing, signed by him before some officer au-
thorized to take acknowledgments.  Upon such declination
(or in case of death of the nominee) the executive commit-
tee of the party, or a majority of them for the State, district
 or county, as the officer to be nominated may require, may
nominate a candidate to supply the vacancy by filing with
the Secretary of State in the case of State or district
officers, or with the county judge in the case of county or
precinct officers, a certificate duly signed and acknowledged
by them, setting forth the cause of the vacancy, the name of
the new nominee, the office for which he was nominated and
when and how he was nominated.  No executive committee shall
 ever have power to nominate, except where a nominee has
died or declined the nomination as provided in this Article."

It will be noted that under Article 3165, supra, a nominee may
decline his nomination by delivering a declaration in writing, signed
by him before some officer authorized to take acknowledgments, to the
officer with whom the certificate of his nomination is filed.  The
declaration must be filed within the time prescribed by said statute.

"In the event any candidate for a district office
received in the first primary the necessary vote to
nominate, the State Executive Committee will certify the
name of such candidate to the county clerks of the proper
district to be printed upon the official ballot for the
general election as a candidate of the party for said
office." (Art. 3127)

Mr. Jackson received the necessary vote to nominate him for the
office of State Senator in the First Primary.  As we understand your
inquiry, nominations for State Senator are certified to the county
clerks of the counties comprising the Senatorial District, and such
nominations are not certified to the Secretary of State by the State
Executive Committee.  Apparently, Article 3138, is applicable only to

nominations where the vote cast of the entire State for a candidate is involved. Therefore, it is our opinion that a person nominated for the office of State Senator in order to decline his nomination should file his declination with the county clerks of the counties comprising his Senatorial District. It is our further opinion that the declination of a nomination to the office of State Senator is not sufficient when filed with the Secretary of State, rather than with the county clerks of the counties comprising his senatorial district. Therefore, your first question is respectfully answered in the negative.

With reference to your second question, you are respectfully advised that it is the opinion of this department that the nomination involved in your inquiry must be made by the district executive committee of the judicial district composed of Johnson and Somervell Counties. The certificate of nomination provides, in part, as follows:

" . . . At such meeting the majority of the members of such Executive Committee of Johnson County voted for the nominee above named, and a majority of the Democratic Executive Committee of Somervell County voted for the nominee above named, whereupon the said George L. Murphy and L. G. Kirk, Chairman of the Democratic Executive Committees of the two counties composing said District, together constituting the District Democratic Executive Committee, voted for the nomination of the nominee above named; and upon such facts we hereby certify that he was duly nominated as the Democratic nominee for the office of District Judge of the 18th Judicial District of Texas."

The executive committee will consist of the county chairman of Johnson County and of Somervell County. The nomination, to be effective, must be made by members of the district executive committee, or a majority of them. The fact that members of both county executive committees joined in the action of the district committee composed of the various county chairmen is immaterial. As the certificate mentioned in your letter recites in its body that the two county chairmen constitute the district committee, and both of them voted for Mr. Jackson, it is our opinion that their action is sufficient to constitute a nomination under Articled 3165, supra.

Yours very truly

ATTORNEY GENERAL OF TEXAS

AW:rt:wc

By s/Ardell Williams
Ardell Williams
Assistant

APPROVED SEP. 15, 1944 s/ Grover Sellers,
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By BWB Chairman